United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNIE HINES, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-15-1977 |
| § | |
| WILLIAM STEPHENS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice.

**Background**

On August 18, 2011, a jury found petitioner Kennie Hines guilty of capital murder and sentenced him to life in prison. The Court of Appeals affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. Direct review concluded when the Supreme Court denied a writ of certiorari on November 18, 2013. Hines filed a state application for habeas corpus challenging his conviction, which was denied without written order on findings of the trial court on April 8, 2015. He filed this federal petition on July 1, 2015.

**Legal Standards**

Hines's petition is governed by the Antiterrorism and Effective Death Penalty Act of

1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas relief is also unavailable if the applicant fails to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

To prevail on an ineffective assistance of counsel claim, the petitioner must prove (1) counsel's performance was deficient, and (2) resulting prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

**Analysis**

Hines asserts claims for federal habeas relief based on (1) trial court errors; (2) insufficient evidence; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. Respondent contends that all claims are without merit, and that claim 2 is procedurally defaulted. The court addresses each claim in turn.

    **1.**    **Trial court errors**.

Hines alleges that the trial court erred by (I) denying a charge on a lesser included offense; (ii) allowing evidence of extraneous offenses; and (iii) allowing an unexamined venire panel member to serve on the jury. Trial court errors support federal habeas relief only if the entire trial was fundamentally unfair, *i.e.*, if there is a reasonable probability that the verdict would have been different without the error. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). Hines cannot meet this burden.

***Lesser included offense***. The appellate court found that the trial court did not err in refusing to give the jury an instruction on the lesser included offense of felony murder. The appellate court reasoned that the evidence at trial did not support such an instruction because Hines's theory of the case was that he did not shoot or attempt to rob anyone, not that he shot the victim unintentionally in the course of a robbery. Hines cannot establish that this ruling is contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of facts.

***Extraneous offense.*** The appellate court also analyzed Hines's argument concerning the admission of extraneous offense evidence and found it without merit. Because Hines

3

testified that he had carried a gun in the past only "for display," the introduction of his conviction for aggravated battery for shooting someone was admissible. The appellate court further found that while it was error for the trial court to admit his prior misdemeanor weapons conviction, the error was harmless because there was other properly admitted evidence proving the same fact (his familiarity with guns) that the state sought to prove with the weapons conviction. Thus, the error did not have a substantial or injurious effect on the jury's verdict or otherwise affect Hines's substantial rights. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (habeas relief is available for trial errors of constitutional magnitude only if the error "had substantial and injurious effect or influence in determining the jury's verdict."). Hines is not entitled to relief on this claim because he cannot establish that the state court ruling is contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of facts.

***Unexamined juror.*** Hines further argues that his constitutional rights were violated when a member of the venire panel who was not present for examination was allowed to sit on the jury. The state trial court found that the factual underpinnings for this allegation are not supported by the record. A jury member did leave the courtroom during peremptory challenges, but the juror was present for examination by the prosecution and defense. Nothing in the record indicates the juror possessed any bias. The state habeas court adopted the trial court's finding. Hines's allegation of a constitutional violation on this basis are conclusory and without merit.

**2.     Insufficient evidence.**

The state habeas court held this claim procedurally defaulted because in Texas a sufficiency of evidence claim must be raised on direct appeal and is not cognizable on habeas review. "When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice." *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (citing *Coleman v. Thompson*, 501 U.S. 722, 750-51(1991)). Hines has not met his burden to overcome his procedural default.

**3.     Ineffective assistance of trial counsel.**

Hines claims he was denied effective assistance of trial counsel because counsel did not (I) object to the selection of an "AWOL" juror; (ii) object to the jury instructions for allowing a non-unanimous verdict; (iii) object to admission of phone records; (iv) review a transcription of Hines's statements to a detective; (v) object to Hines sitting alone at a table during trial; (vi) request that the prosecution elect which party theory it would rely on for conviction; and (vii) committed cumulative errors. Hines's claims are either unsupported by the factual record or unsupported by law.

*<u>Absent juror.</u>* As previously noted, there is no evidence that a jury member was absent for examination and no evidence that the jury member was impartial or biased.

*<u>Jury instruction.</u>* There is no requirement that the jury reach unanimous agreement on preliminary factual matters underlying a verdict, such as the manner and means by which

5

one offense was committed. *Schad v. Arizona*, 501 U.S. 624, 632 (1991); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Thus, counsel was not deficient for objecting to the instructions in Hines's case.

*__Phone records__*. There were no grounds to suppress or object at trial to the phone records. They were authenticated by an affidavit from the phone company. In addition, Hines testified that he recognized phone numbers on the records, including his own. Trial counsel did not perform deficiently in this regard.

*__Seating__*. Trial counsel testified by affidavit that Hines was never seated alone at a table in front of the jury during trial. The trial court accepted this testimony as true on habeas review.

*__Transcript of statements__*. Counsel was not deficient in his representation of Hines for failing to have him review a transcript of Hines's prior statement to detectives. Counsel discussed the content of the statements with Hines, Hines was aware of what he said to detectives, and counsel advised Hines not to testify.

*__Election__*. The state habeas court determined it was proper to charge the jury in a way that allowed Hines to be found guilty of capital murder as the principal actor or as a party. An election is required when there is evidence of multiple transactions that could support one charged offense. *Phillips v. State*, 193 S.W.3d 904, 909 (Tex. Crim. App. 2006). Here, there was only one transaction, the shooting of Maxwell. Because there was no legal basis for forcing the state to elect which party theory it was relying on, counsel was not deficient in this regard.

***Cumulative error.*** Finally, because all of Hines's assertions of trial counsel errors are unfounded, he cannot state a claim based on cumulative error.

In sum, the state court's rejection of Hines's ineffective assistance of trial counsel claims is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of facts.

### 4. Ineffective assistance of appellate counsel.

Hines contends that appellate counsel was ineffective for not raising ineffective assistance of trial counsel on direct appeal. His claim fails both prongs of *Strickland*. Hines contends that counsel should have argued on appeal that trial counsel should have moved for directed verdict due to lack of evidence of his intent to kill, and should have objected to the unexamined jury member. Appellate counsel need not raise every argument on appeal but may winnow out weaker arguments and focus on those that appear more likely to prevail. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). There is no reason to question counsel's decision not to raise the claims proposed by Hines's because they were not likely to succeed. There was some evidence that Hines intentionally shot the victim, and as noted previously, there was no basis for objecting to the allegedly absent jury member. Hines has not met his burden to show he is entitled to federal habeas relief on his ineffective assistance of appellate counsel claim.

### Conclusion, Recommendation, and Order

For the reasons stated above, Hines is not entitled to federal habeas relief. The court recommends that respondent's motion for summary judgment (Dkt. 18) be granted, and

Hines's petition for writ of habeas corpus be denied with prejudice.

It is ordered that Hines's motion for leave to file a single copy of his summary judgment response and other documents (Dkt. 23) is granted, and Hines's motions for evidentiary hearing (Dkt. 21) and appointment of counsel (Dkt. 22) are denied.

The parties have 14 days from service of this Amended Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 20, 2016.

_____
Stephen Wm Smith
United States Magistrate Judge